ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| BANCO POPULAR DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>SUCN. JOSÉ ARNALDO GARCÍA RAMÍREZ, COMPUESTA POR LUIS ÁNGEL GARCÍA RAMÍREZ Y OTROS<br><br>Peticionarios | TA2026CE00600 | *Certiorari*, procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Caso Núm.: CA2025CV00672<br><br>Sobre: Cobro de Dinero - Ordinario; Ejecución de Hipoteca: Propiedad Residencial |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 22 de mayo de 2026.

Comparecen Vilmarie Lugo García, Gilberto Enrique Lugo García, Luis García Ramírez e Ismael F. Torres Martínez (en conjunto, "Peticionarios") mediante *Petición de Certiorari* y nos solicitan que revisemos dos (2) determinaciones emitidas, el 5 de junio de 2025 y el 2 de septiembre de 2025, ambas notificadas el día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Carolina ("TPI"). Mediante la *Sentencia Parcial* dictada el 5 de junio de 2025, el TPI denegó una solicitud de desestimación por falta de parte indispensable presentada por los peticionarios. A su vez, autorizó el desistimiento sin perjuicio de la demanda presentada en contra de Luis Ángel García Ramírez, Ismael F. Torres Martínez y Norma García Martínez.

En virtud de la *Resolución y Sentencia Parcial Enmendada* dictaminada el 2 de septiembre de 2025, el TPI denegó la moción de reconsideración presentada por la parte peticionaria, en cuanto a la desestimación por falta de parte indispensable. Asimismo, el TPI enmendó la *Sentencia Parcial,* con la intención de dejar sin efecto el desistimiento de la demanda presentada en contra de Luis Ángel García Ramírez.

Por los fundamentos que proceden, se *expide* el auto de *certiorari* solicitado y se *modifica* la *Resolución y Sentencia Parcial Enmendada*, a los únicos fines de dejar sin efecto el desistimiento de la causa de acción instada en contra de Norma García Martínez, según solicitado por la parte recurrida, y, así modificada, se *confirma*. Por otra parte, se *confirma* la *Sentencia Parcial* en cuanto a la denegatoria relacionada a la solicitud de desestimación presentada por la parte peticionaria.

## I.

El 3 de marzo de 2025, el Banco Popular de Puerto Rico ("BPPR" o "Recurrido") presentó una *Demanda* sobre cobro de dinero y ejecución de hipoteca en contra de la Sucesión de José Arnaldo García Ramírez, quien falleció en el año 2018, presuntamente compuesta por Luis Ángel García Ramírez ("señor García Ramírez"), Norma García Martínez ("señora García Martínez"), Gilberto Enrique y Vilmarie, ambos de apellidos Lugo García, e Ismael F. Torres Martínez ("señor Torres Martínez"). En lo aquí pertinente, señaló ser el tenedor de un pagaré hipotecario garantizado mediante hipoteca constituida sobre un apartamento ubicado en el Condominio Villas del Mar Beach Resort en Loíza.

Tras varias instancias, el 23 de mayo de 2025, la parte peticionaria presentó una *Moción en Solicitud de Desestimación de la Demanda por no haberse emplazado al demandado Ismael F. Torres Martínez conforme a Derecho*. Arguyeron que el emplazador no le entregó físicamente el emplazamiento al señor Torres Martínez. Razonaron que, como consecuencia, el TPI no adquirió jurisdicción sobre su persona, por la insuficiencia en el diligenciamiento del emplazamiento.

El 29 de mayo de 2025, el foro de instancia le ordenó al BPPR a responder a la solicitud de desestimación. Así dispuesto, el 5 de junio de 2025, la parte recurrida radicó una *Moción en Cumplimiento de Orden*. Manifestó que, conforme a lo resuelto en el caso SJ2021CV01291 sobre Adveración y Protocolización de Testamento Ológrafo, la voluntad del causante fue adjudicar la totalidad del inmueble objeto de ejecución a favor de su fenecida hermana, Vilma de los Ángeles García Ramírez ("señora García Ramírez"). Expuso que,

habiendo fallecido, las únicas partes indispensables en el caso de autos eran los herederos de la señora García Ramírez, Gilberto y Vilmarie Lugo García, llamados a heredar el inmueble por representación. Ante ello, desistió sin perjuicio de la causa de acción instada en contra de Luis Ángel García Ramírez, Ismael F. Torres Martínez y Norma García Martínez.

El 5 de junio de 2025, notificada el día siguiente, el foro de instancia dictó una *Sentencia Parcial* en virtud de la cual autorizó el desistimiento sin perjuicio de la demanda presentada en contra del señor García Ramírez, el señor Torres Martínez y la señora García Martínez. Consecuentemente, denegó la solicitud de desestimación instada por la parte peticionaria.

Inconformes, el 13 de junio de 2025, los peticionarios presentaron una *Solicitud de Reconsideración de Sentencia Parcial y Reiterando Solicitud de Desestimación de la Demanda por no haberse emplazado al demandado Ismael F. Torres Martínez conforme a Derecho*. Indicaron que la propiedad en controversia es un apartamento ubicado en el Condominio Villas del Mar Beach Resort en Loíza, el cual no había sido adquirido a la fecha del testamento ológrafo. Esbozaron que el apartamento al cual se alude en el testamento ológrafo y el cual se le adjudicó a la señora García Ramírez es un apartamento que ubica en Plaza Universidad 2000 en San Juan. Por tanto, arguyeron que, dado a que no se había adjudicado la titularidad del apartamento objeto del litigio, los demás miembros de la Sucesión, Luis Ángel García Ramírez, Ismael F. Torres Martínez y Norma García Martínez, eran partes indispensables. Reiteraron que, el señor Torres Martínez, como parte indispensable, no fue emplazado conforme a derecho, procedía la desestimación de la demanda.

El 23 de junio de 2025, el BPPR presentó una *Réplica a "Solicitud de Reconsideración..." y Moción en cumplimiento de Orden*. Alegó que el señor Torres Martínez fue emplazado personalmente, conforme dispone la normativa procesal. En la alternativa, expresó que, al haber solicitado remedios afirmativos, se sometió voluntariamente a la jurisdicción del tribunal.

Por otra parte, manifestó desconocer que el inmueble aludido en el testamento ológrafo era uno distinto al que era objeto del caso de autos. Arguyó

que, ante la ausencia de un heredero instituido, la propiedad debía adjudicarse conforme a las reglas de la sucesión intestada. En ese sentido, indicó que los herederos forzosos del causante, sus hermanos y sus sobrinos, eran las únicas partes indispensables. Precisó que el señor Torres Martínez no guardaba ningún vínculo consanguíneo con el causante y tampoco era su viudo, por lo que no se encontraba en el orden sucesorio. Cónsono con lo anterior, solicitó que: (1) se denegara la *Solicitud de Reconsideración* instada por los peticionarios; (2) se dejara sin efecto la *Sentencia Parcial*, únicamente en cuanto al sobrino y la media hermana del causante, Luis Ángel García Ramírez y Norma García Martínez, ya que son partes indispensables; y (3) se mantenga el desistimiento voluntario sin perjuicio en cuanto a Ismael F. Torres Martínez.

Celebrada una Vista Argumentativa, el 2 de septiembre de 2025, notificada el día siguiente, el foro de instancia emitió una *Resolución y Sentencia Parcial Enmendada*. En virtud de la misma, denegó la solicitud de reconsideración presentada por la parte peticionaria. A su vez, enmendó la *Sentencia Parcial*, a los únicos fines de dejar sin efecto el desistimiento sin perjuicio de la demanda instada en contra de Luis Ángel García Ramírez.

El 5 de septiembre de 2025, la parte recurrida, instó una *Moción Aclaratoria y en Solicitud de Enmienda a Sentencia Parcial*. Señaló que mediante la Réplica presentada el 23 de junio de 2025, solicitó que se dejara sin efecto el desistimiento en cuanto a la señora García Martínez y al señor Martínez Ramírez. Expresó que, sin embargo, el foro de instancia mantuvo el desistimiento respecto a la señora García Martínez. Manifestó que, como hermana de vínculo sencillo del causante, es parte indispensable. Así pues, peticionó que se enmendara la *Resolución y Sentencia Parcial Enmendada*, con el propósito de mantener a Norma García Martínez en el pleito.

En igual fecha, el TPI emitió una *Orden* en la cual dispuso que, según su análisis, la señora García Martínez no tenía participación o interés hereditario sobre el inmueble.

Insatisfecho aún, el 10 de septiembre de 2025, el BPPR radicó una *Solicitud de Reconsideración*. Reiteró que, como hermana del causante, Norma

García Martínez debía permanecer en el procedimiento. Para sustentar su alegación, presentó una copia del certificado de nacimiento de la señora García Martínez.

Pendiente de adjudicar la *Solicitud de Reconsideración* radicada por el BPPR, la parte peticionaria acudió ante esta Curia mediante el recurso clasificado alfanuméricamente como TA2025CE00538. Consecuentemente, a solicitud de parte, el 8 de octubre de 2025, el foro de instancia paralizó los procedimientos. El 21 de noviembre de 2025, un Panel Hermano emitió una *Resolución* en virtud de la cual determinó que, debido a que la *Solicitud de Reconsideración* instada por el BPPR aún no había sido resuelta, el recurso resultaba prematuro.

Expedido el *Mandato* del Tribunal de Apelaciones, el 13 de abril de 2026, el TPI dictaminó una *Resolución Interlocutoria* mediante la cual denegó la *Solicitud de Reconsideración* peticionada por el BPPR, con relación a la *Moción Aclaratoria y en Solicitud de Enmienda a Sentencia Parcial.* Precisó lo siguiente:

> El tribunal reitera su postura de que el codemandado Ismael Torres Martínez no es parte en este pleito porque compareció a él sin someterse a la jurisdicción del tribunal (entradas 16 y 23 en el expediente) y porque la parte demandante desistió de la acción instada en su contra antes de que presentara su alegación responsiva. Por otra parte, de las alegaciones contenidas en el expediente dicho codemandado tampoco tiene un interés propietario sobre el inmueble objeto de la demanda. El tribunal continuará los procedimientos en este caso cuando esta resolución advenga final y firme.[1]

Así pues, el 12 de mayo de 2026, los peticionarios acudieron ante nos mediante una *Petición de Certiorari* en la cual nos solicitaron la revisión de la *Sentencia Parcial* y la *Resolución y Sentencia Parcial Enmendada.* La parte peticionaria realizó los siguientes señalamientos de error:

> **Erró el Tribunal a quo al negarse, sin justificación valida, a resolver la controversia de derecho que se le refirió en la solicitud de desestimación, sobre la realidad jurídica de que el emplazador omitió la entrega física del emplazamiento a la persona del señor Torres Martínez, por lo que, el TPI adolece de jurisdicción por ser el comunero Torres Martínez parte indispensable en el presente caso.**

> **El foro primario erró, al no proveer el remedio que procede conforme a derecho, el cual exige que se señale una vista**

---

[1] Apéndice del recurso, Entrada Núm. 70.

**evidenciaria, en la cual, el foro recurrido, examine si la voluntad de los convivientes Torres Martínez y José García Ramírez (QEPD) fue, efectivamente, someterse a una comunidad de bienes.**

El 22 de mayo de 2026, el BPPR presentó su *Alegato Civil.* Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, nos encontramos en posición de resolver.

## II.

### -A-

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC,* 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation,* 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al

denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

32 LPRA Ap. V, R. 52.1

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial

está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a una parte que es demandada, mediante la presentación de una moción debidamente fundamentada a esos fines, solicitar la desestimación de la demanda instada en su contra. En particular, la referida regla establece que la parte demandada podrá solicitar la desestimación de la demanda en su contra por alguno de los siguientes fundamentos:

(1) falta de jurisdicción sobre la materia;
(2) falta de jurisdicción sobre la persona;
(3) insuficiencia del emplazamiento;
(4) insuficiencia del diligenciamiento del emplazamiento;
(5) dejar de exponer una reclamación que justifique la concesión de un remedio;
(6) dejar de acumular una parte indispensable.

*Íd.*

La acumulación indispensable de partes está gobernada por la Regla 16 de Procedimiento Civil. 32 LPRA, Ap. III, R. 16. Específicamente, la Regla 16.1 de Procedimiento Civil, *supra*, dispone:

Las personas que tuvieren un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas según corresponda. Cuando una persona que deba unirse como demandante rehusare hacerlo, podrá unirse como demandada.

El interés de la parte en el litigio debe ser de "[…] tal orden que impida la confección de un derecho adecuado sin afectarle o destruirle radicalmente sus derechos". *Pérez Rosa v. Morales Rosado,* 172 DPR 216, 223 (2007). En ese sentido, una parte indispensable es aquella persona cuyos derechos e intereses podrían quedar destruidos o inevitablemente afectados por una sentencia dictada en su ausencia. *Pérez Ríos et al v. CPE,* 213 DPR 203, 213 (2024). Esta regla persigue el propósito de proteger a la persona ausente de los posibles efectos perjudiciales de un dictamen judicial y evitar la multiplicidad de pleitos. *Íd.*

Al determinar si una persona es una parte indispensable en un pleito, se requiere un enfoque pragmático e individualizado, a tenor con las particularidades de cada caso. *García Colón et al. v. Sucn. González,* 178 DPR 527, 549 (2010). En ese sentido, el tribunal deberá evaluar los intereses envueltos y distinguir entre los diversos géneros de casos. *Deliz et al. v. Igartúa et als.,* 158 DPR 403, 434 (2003). Ello "exige una evaluación jurídica de factores tales como tiempo, lugar, modo, alegaciones, prueba, clase de derechos, intereses en conflicto, resultado y formalidad". *Íd.,* citando a *Sánchez v. Sánchez,* 154 DPR 645, 678 (2001). Además, deberá examinar si el tribunal "podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente". *Pérez Rosa v. Morales Rosado, supra.*

Una vez se concluya que una parte es indispensable, el pleito no podrá adjudicarse sin su presencia. *Pérez Ríos et al v. CPE, supra; Pérez Rosa v. Morales Rosado, supra.* En tal caso, dicha persona tiene que hacerse formar parte en el pleito.

> De tal arraigo es el interés de proteger a las partes indispensables, que la no inclusión en el pleito de una parte indispensable constituye una defensa irrenunciable, la cual puede presentarse en cualquier momento durante el proceso. Incluso, los tribunales apelativos deben levantar *motu proprio* la falta de parte indispensable, debido a que ésta incide sobre la jurisdicción del tribunal. De reconocerse que está ausente una parte indispensable, debe desestimarse la acción. Sin embargo, dicha desestimación no tendrá el efecto de una adjudicación en los méritos ni, por ende, de cosa juzgada.
>
> *Pérez Rosa v. Morales Rosado, supra,* págs. 223-224. (Citas omitidas).

El estándar que debe cumplir quien alega ser parte indispensable en un pleito consiste en establecer un interés común con el que demuestre que sin su presencia no puede adjudicarse la controversia. Adviértase que no se trata de un mero interés en la controversia, sino de aquel de tal orden que impida la confección de un decreto adecuado sin afectarlo. *Pérez Ríos et al v. CPE, supra; Deliz et al. v. Igartúa et als.,* 158 DPR 403, 432 (2003); *Sánchez v. Sánchez,* 154 DPR 645, 677 (2001). Este debe ser, además, de índole real e inmediato. *FCPR v. ELA et al.,* 211 DPR 521, 531 (2023).

Ahora bien, "[l]a omisión de incluir a una parte indispensable incide sobre el debido proceso de ley que cobija al ausente". *Colón Negrón et al. v. Mun. Bayamón,* 192 DPR 499, 511 (2015). Por tanto, el mecanismo establecido en la Regla 16.1 de Procedimiento Civil, *supra,* parte de dos principios fundamentales: (1) garantizar la protección constitucional de que una persona no sea privada de la libertad y propiedad sin un debido proceso de ley, y (2) la necesidad de que el decreto judicial emitido sea completo. *López García v. López García,* 200 DPR 50, 64 (2018).

Por ello, nuestro Tribunal Supremo ha expresado que "[a]nte la ausencia de una parte indispensable, el tribunal carece de jurisdicción para resolver la controversia". *Bonilla Ramos v. Dávila Medina,* 185 DPR 667, 677-678 (2012). Al incidir tal ausencia sobre la jurisdicción del tribunal, deberá entonces desestimarse la acción. *Íd.,* a la pág. 678. No obstante, dicha desestimación no tiene el efecto de una adjudicación en los méritos ni de cosa juzgada. *Pérez Rosa v. Morales Rosado,* 172 DPR 216, 224 (2007).

**-C-**

La intervención constituye el vehículo procesal mediante el cual se faculta la comparecencia de un tercero en una acción previamente instada. *IG Builders et al. v. BBVAPR, supra,* pág. 320. Este mecanismo no crea derechos sustantivos ni una causa de acción a favor de la persona solicitante, sino que la autoriza a presentar una reclamación o defensa y convierte de ese modo en parte para fines de la reclamación o defensa presentada. *Rivera Schatz v. ELA y C. Abo PR I,* 191 DPR 470, 477 (2014), citando a *IG Builders et al. v. BBVAPR, supra,* págs. 320-321. (Citas omitidas). La figura de la intervención tiene como propósito alcanzar un balance entre la economía procesal, al atenderse diversos asuntos de manera conjunta, y la necesidad de que los casos concluyan en un tiempo razonable. *IG Builders v. BBVAPR, supra,* pág. 321; *SLG Ortiz-Alvarado v. Great American,* 182 DPR 48, 80 (2011); *Chase Manhattan Bank v. Nesglo, Inc.,* 111 DPR 767, 770 (1981).

La Regla 21 de Procedimiento Civil, 32 LPRA Ap. V, R. 21, regula el procedimiento para solicitar la intervención en un pleito, como cuestión de derecho. De manera particular, la aludida regla dispone lo siguiente:

> Mediante una oportuna solicitud, cualquier persona tendrá derecho a intervenir en un pleito:
>   (a) cuando por ley o por estas reglas se le confiere un derecho incondicional a intervenir o
>   **(b) cuando la persona solicitante reclame algún derecho o interés en la propiedad o asunto objeto del litigio que pueda, de hecho, quedar afectado con la disposición final del pleito.**

(Énfasis suplido). *Íd.*

Por otro lado, respecto a la intervención permisible, la Regla 21.2 de Procedimiento Civil, 32 LPRA Ap. V., R. 21.2, establece lo siguiente:

> Mediante una oportuna solicitud, se podrá permitir a cualquier persona intervenir en un pleito:
>   (a) cuando por ley se le confiera un derecho condicional a intervenir o
>   (b) cuando la reclamación o defensa de la persona solicitante y el pleito principal tengan en común una cuestión de hecho o de derecho.
> [...] Al ejercer su discreción, el tribunal considerará si la intervención dilatará indebidamente el pleito o perjudicará la adjudicación de los derechos de las partes originales.

Determinar si se permite o no la intervención de una parte depende del "interés en la economía procesal representada por la solución en un solo pleito de varias cuestiones relacionadas entre sí y el interés en evitar que los pleitos se compliquen y eternicen innecesariamente". *SLG Ortiz-Alvarado v. Great American, supra*, pág. 80, citando a *Chase Manhattan Bank v. Nesglo, Inc., supra*, pág. 770. El Tribunal Supremo ha expresado que, "las disposiciones atinentes a la intervención deben interpretarse desde una perspectiva liberal, no por ello corresponde refrendar su uso ilimitado fallando en toda instancia a favor de la intervención". *IG Builders et al. v. BBVAPR, supra*, pág. 779; *Rivera v. Morales*, 149 DPR 672, 689 (1999); *Chase Manhattan Bank v. Great American, supra*, pág. 770.

**-D-**

En nuestro ordenamiento, la sucesión legítima tiene lugar bajo las siguientes circunstancias:

(1) Cuando uno muere sin testamento, o con testamento nulo, o que haya perdido después su validez.

**(2) Cuando el testamento no contiene institución de heredero en todo o en parte de los bienes, o no dispone de todos los que corresponden al testador. En este caso la sucesión legítima tendrá lugar solamente respecto de los bienes de que no hubiese dispuesto.**

(3) Cuando falta la condición puesta a la institución de heredero, o éste muere antes que el testador, o repudia la herencia sin tener substituto y sin que haya lugar al derecho de acrecer.

(4) Cuando el heredero instituido es incapaz de suceder.

(Énfasis nuestro). Art. 875 del Código Civil de 1930, 31 LPRA sec. 2591.[2]

A falta de herederos testamentarios, la herencia se defiere "a los parientes legítimos y naturales del difunto, al viudo o viuda, y al Estado Libre Asociado de Puerto Rico", según el orden provisto por ley. Art. 876 del Código Civil de 1930, 31 LPRA sec. 2592. La sucesión corresponde, en primer lugar, a la línea recta descendente, entiéndase, hijos, así como nietos y demás descendientes por derecho de representación. Arts. 893-897 del Código Civil de 1930, 31 LPRA secs. 2641-2645. Ante la falta de descendientes, en segundo lugar, heredarán los ascendientes, con exclusión de los colaterales. Art. 898 del Código Civil de 1930, 31 LPRA sec. 2651. A falta de descendientes y ascendientes, en tercer lugar, heredarán los cónyuges y, en ausencia de estos, los parientes colaterales. Art. 903 del Código Civil de 1930, 31 LPRA sec. 2671.

Atinente a la controversia ante nos, el Art. 909 del Código Civil de 1930, expresamente dispone lo siguiente:

A falta de descendientes y ascendientes, sucederá en todos los bienes del difunto el cónyuge sobreviviente. **En su defecto, le sucederán sus hermanos y sobrinos, hijos de éstos, <u>sean o no de doble vínculo</u>** [...].

(Énfasis y subrayado nuestro). 31 LPRA sec. 2677.

Los hermanos de doble vínculo heredarán por partes iguales. Art. 904 del Código Civil de 1930, 31 LPRA sec. 2672. En cambio, si concurrieran hermanos de doble vínculo con aquellos de vínculo sencillos, los hermanos de padre y madre heredarán una porción doble con relación a la porción de los medios hermanos. Art. 905 del Código Civil de 1930, 31 LPRA sec. 2673.

---

[2] Se hace referencia al Código Civil de 1930 por haber sido el vigente al momento de la muerte del causante.

**III.**

En el recurso que nos ocupa, los peticionarios nos solicitan que revisemos una *Sentencia Parcial* emitida el 5 de junio de 2025 mediante la cual el foro de instancia: (1) denegó desestimar la causa de acción por falta de parte indispensable, el señor Torres Martínez; y (2) a solicitud de BPPR, autorizó el desistimiento sin perjuicio de la causa de acción instada en contra de Luis Ángel García Ramírez, Norma García Martínez e Ismael Torres Martínez. A su vez, nos solicitan que revisemos la *Resolución y Sentencia Parcial Enmendada* dictada el 2 de septiembre de 2025 en virtud de la cual el TPI: (1) denegó la solicitud de reconsideración instada por la parte peticionaria; y (2) modificó la *Sentencia Parcial* a los efectos de dejar sin efecto el desistimiento en cuanto al señor García Ramírez, por ser una parte indispensable.

Sostienen que el señor Torres Martínez es parte indispensable, debido a que, como pareja del causante por alrededor de diez (10), ambos se sometieron a una comunidad de bienes, entre la cual figura el inmueble en controversia. Cónsono con lo anterior, reitera que, ante la insuficiencia en el diligenciamiento del emplazamiento, procede la desestimación de la demanda, por falta de parte indispensable. No le asiste la razón. Veamos.

De entrada, resulta menester destacar que un Panel Hermano de este Tribunal, a través del recurso clasificado alfanuméricamente como TA2025CE00538, determinó que el término para recurrir de la *Resolución y Sentencia Parcial Enmendada* no comenzaría a transcurrir hasta que el foro de instancia resolviera la *Solicitud de Reconsideración* presentada el 10 de octubre de 2025 por la parte recurrida. Como corolario, luego de su adjudicación mediante la *Resolución Interlocutoria* dictaminada el 13 de abril de 2026 por el TPI, ostentamos jurisdicción para atender el presente recurso de *certiorari*.

No existe controversia respecto al hecho de que el testamento ológrafo carece de una adjudicación expresa sobre el bien objeto del litigio, a saber, el apartamento ubicado en Loíza. Como resultado, la referida propiedad forma parte de la sucesión intestada del causante. En ese sentido, se presume que el inmueble será adjudicado a favor de los herederos forzosos del señor García

Ramírez. Es por ello que, ante la ausencia de descendientes, ascendientes y de un cónyuge supérstite, heredarán sus parientes colaterales. Entiéndase, sus hermanos y sus sobrinos, heredando estos últimos en representación de los hermanos premuertos del causante.

En vista de que el señor Torres Martínez nunca contrajo matrimonio con el señor García Ramírez, no figura entre sus herederos forzosos. Como resultado, al momento, no tiene ningún interés propietario sobre el inmueble, razón por la cual no es una parte indispensable. Alegar que, como pareja del señor García Martínez, construyeron una comunidad de bienes no lo convierte automáticamente en una parte indispensable. Si el señor Torres Martínez desea reclamar un interés en la propiedad objeto del litigio, debe solicitar intervenir en los procedimientos, al amparo de la Regla 21 de Procedimiento Civil, *supra*, y presentar las defensas y reclamaciones que entienda pertinente.

En esa misma línea, al revisar la *Resolución y Sentencia Parcial Enmendada* aquí recurrida, nos percatamos de que el foro de instancia sí incidió al dejar fuera del pleito a una parte indispensable, a saber, la media hermana del causante, Norma García Martínez. Surge del expediente que, luego de percatarse de que el inmueble no había sido adjudicado mediante el testamento ológrafo, la parte recurrida solicitó dejar sin efecto el desistimiento sin perjuicio de la demanda presentada en contra del sobrino y la hermana de vínculo sencillo del causante. Ello, con la intención de que los herederos forzosos del causante, al ser partes indispensables, permanecieran en el pleito. No obstante, sin justificación alguna, el foro de instancia solo dejó sin efecto el desistimiento en contra del señor García Ramírez, no así el de la señora García Martínez.

Según hemos reseñado, los hermanos del señor García Ramírez figuran entre sus herederos forzosos, razón por la cual son partes indispensables y el pleito de marras no puede ser adjudicado sin su presencia. Evidenciado que la señora García Martínez es hermana de vínculo sencillo del causante, el TPI debía dejar sin efecto el desistimiento sin perjuicio, según solicitado, ya que el pleito no puede continuar sin su participación. Por tanto, procede modificar la *Resolución y Sentencia Parcial Enmendada*, con el propósito de dejar sin efecto

el desistimiento sin perjuicio de la causa de acción instada en contra de Norma García Martínez.

**IV.**

Por los fundamentos que anteceden, se *expide* el auto de *certiorari* solicitado y se *modifica* la *Resolución y Sentencia Parcial Enmendada* emitida el 2 de septiembre de 2025, a los únicos efectos de dejar sin efecto el desistimiento sin perjuicio de la demanda presentada en contra de Norma García Martínez, así modificada se *confirma*. A su vez, se *confirma* la *Sentencia Parcial* dictada el 5 de junio de 2025, en lo que respecta a la denegatoria relacionada a la solicitud de desestimación presentada por la parte peticionaria. Se devuelve al Tribunal de Primera Instancia, Sala Superior de Carolina, para la continuación de los procedimientos, conforme a lo aquí dispuesto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones